# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7478 | **DATE** | 3/30/2012 |
| **CASE TITLE** | Okechukwu N. Egorugwu vs. Enterprise Rent-A-Car | | |

**DOCKET ENTRY TEXT**

This Court grants Enterprise's motion for partial dismissal [14]. Mr. Egorugwu's claim for wage discrimination under the EPA is dismissed without prejudice and with leave to amend by 4/16/2012. Status hearing set for 4/6/2012 is stricken and reset to 4/20/2012 at 9:00 a.m.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Okechukwu Egorugwu, filed a *pro se* complaint alleging that his former employer Enterprise discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963 ("EPA"). Egorugwu's complaint alleges discrimination on the basis of race, color, and national origin. The complaint alleges Enterprise failed to promote, train and provide benefits and raises to Egorugwu. Enterprise moves to dismiss the EPA claim because the complaint is devoid of allegations that Egorugwu suffered pay discrimination based on his sex or gender.

Rule 8(a) provides the basic requirement for pleading that plaintiff must make a short and plain statement of the claim upon which relief can be granted. Fed. R. Civ. P. 8(a). While a plaintiff need not plead particularized facts, the factual allegations in the complaint must be sufficient to raise the right of relief above the speculative level. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). When deciding whether to dismiss a complaint, the court accepts all well-pleaded allegations as true and construes all reasonable inferences in favor of the plaintiff. *Id.*

| STATEMENT |
|---|

Complaints filed by *pro se* litigants are not held to the strict standards expected of attorneys. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

The EPA prohibits employers from paying employees different wages based on gender. 29 U.S.C. § 206(d). In order to state a claim under the EPA, a plaintiff must allege sufficient facts for this Court to reasonably infer: (1) that employees are paid different wages based on gender; (2) that the employees perform equal work which requires equal skill, effort, and responsibility; and (3) that the employees have similar working conditions. *See Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008).

Here, Egorugwu's complaint alleges a violation of the EPA. However, it contains no allegations of wage discrimination based on Mr. Egorugwu's gender. The complaint also does not allege any facts to show that employees of the opposite gender are paid differently, perform equal work, and have similar working conditions. Therefore, this Court grants Enterprise's motion for partial dismissal [14]. Mr. Egorugwu's claim for wage discrimination under the EPA is dismissed without prejudice and with leave to amend by 4/16/2012.